Labauve, J.
The petition alleges, in substance, that the defendants, commercial partners, are indebted to the plaintiff in the sum of $358 53; that petitioner, in the months of November, 1860, and January and March, 1861, did- sell and deliver to said Edward Thebens, then doing business on his own account, various articles of marble of the value of $358 53, as per account annexed, making part of the petition; that on the 6th of April, 1861,- the defendants formed a copartnership, and by the act of copartnership,.-their firm assumed all the liabilities due by said Thebens .upon the stock in trade.
He prays'for a judgment in solido against both defendants, with legal interest from the 2d of March, 1861.
James Reynolds, .in. his answer, pleaded the general issue. A final •judgment by default was rendered against Edward Thebens, and a contradictory one in .favor of James Reynolds. The plaintiff appealed,
..The correctness of.the account, as against Edward Thebens, is admitted. •• • . ' • ■
■ The ground of action, as against James Reynolds, is that the partnership assumed all-the liabilities of and due by Thebens. This question must be solved by the construction given to the following .clauses in the act of partnership:
*517 “The said Edward Thebens brings in stock valued here at... $1,304 69 His liabilities are......................................... 800 00
Balance................................................ $ 504 69
And the said James Reynolds brings in stock here valued at $909 61; and he has no liabilities.
To equalize shares of the partners in the partnership, the said James Reynolds is to pay $395 08, due by said Thebins, making Reynolds’ interest in the partnership.....................................$1,304 69 And the said Thebens is to pay the balance of said $800, which is 404 92 Add the value of his stock, less amount of said $800, liabilities,
say...................................................... 504 69
And gives his notes, equal to cash, to said Reynolds, for....... 395 08
Making his interest in the partnership........................$1,304 69
We find nothing here showing that the partnership assumed the debts due by Edward Thebens, say $800.
On the contrary, James Reynolds assumes, in his own name, $395 05 thereof, and Thebens is to pay the balance, say $404 92.
James Reynolds is not sued upon his individual assumpsit, but he is sued as commercial partner, upon the alleged assumpsit by the partnership. Even, had that ground been taken against Reynolds, he has proved that he had paid the sum thus assumed; it is true, that the testimony offered to prove payment, was objected to on the ground that Reynolds had not pleaded payment. The Court properly admitted the evidence, on the ground that the act of partnership introduced in evidence, showed this individual assumpsit, which was not alleged as a ground of action against Reynolds. Plaintiff, having opened the door to testimony upon that ground not alleged by him, he could not object to defendant’s proof to diminish or destroy it by showing payment. Thompson v. Brothers, 5 L. 279.
A party, who introduces evidence not admissible under the pleadings, cannot complain if the other party offer testimony to rebut it.
Judgment affirmed, with costs.